**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4532**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMIE BROOKS FRANKLIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:17-cr-00332-D-1)

Submitted: March 29, 2019                    Decided: April 11, 2019

Before MOTZ, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamie Brooks Franklin seeks to appeal the 180-month sentence imposed by the district court following his guilty plea to receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2012). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Franklin's sentence is procedurally and substantively reasonable. Although advised of his right to file a pro se brief, Franklin has not done so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Franklin's plea agreement. We affirm in part and dismiss in part.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Franklin knowingly and intelligently waived his right to appeal and that the issues Franklin seeks to raise on appeal fall squarely within the scope of his waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss in part and dismiss Franklin's appeal of his sentence.

The waiver provision, however, does not preclude our review of the validity of the guilty plea pursuant to *Anders*. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). We therefore deny in part the Government's motion to dismiss. Our review of the record leads us to conclude that Franklin entered his guilty plea knowingly and voluntarily and that a factual basis supported the plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside of the waiver's scope. We

2

therefore affirm Franklin's conviction and dismiss the appeal of the sentence. This court requires that counsel inform Franklin, in writing, of the right to petition the Supreme Court of the United States for further review. If Franklin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Franklin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*DISMISSED IN PART*